STATE of Missouri ex rel. Jack J. HUBBELL, Relator,

v.

Theodore B. SCOTT, Judge of the Circuit Court of Webster County, Missouri, Respondent.

No. 13091.

Missouri Court of Appeals, Southern District, Division One.

June 20, 1983.

---

Robert E. Almirall, Springfield, for relator.

Michael J. Patton, Turner, Reid, Duncan & Loomer, P.C., Springfield, for respondent.

TITUS, Judge.

This is an original proceeding in prohibition brought by relator against the respondent circuit judge to prohibit the latter from proceeding, as proposed, in an action for the establishment of a private road of strict necessity. § 228.340, et seq.[1] Our preliminary order in prohibition issued January 13, 1983. The cause has been briefed, and it is now for us to determine if the preliminary order should be made absolute vel non.

Plaintiff in the underlying circuit court cause filed his verified petition on Septem-

---

1. References to statutes and rules are to RSMo 1978 and Missouri Rules of Court 1983.

ber 5, 1980, asking for the establishment of a private road across relator's land. The court nisi found the petition's allegations to be true and appointed three commissioners to view the premises, mark out the road, and assess the damages due relator. § 228.340. After notifying the parties and viewing the premises, the commissioners filed their report on May 25, 1982. § 228.-370. Within ten days of the filing relator filed his objections thereto and asked that new commissioners be appointed. A hearing was held and two of relator's objections were upheld. The original commissioners[2] were then ordered, inter alia, to submit an amended report clarifying the legal description of the easement of necessity across relator's land. Pursuant to said order, a survey of the easement was filed November 16, 1982, and on December 10, 1982, a hearing was held concerning the regularity of the amended commissioners' report and the survey per § 60.120, et seq. Relator's objection to the admission of such evidence on the ground the survey had not been made in conformity with the just cited statutes was overruled. On December 10, 1982, the trial court issued its order which, among other things, approved the amended report of the commissioners, set a jury trial, per § 228.-400, on the issue of damages for February 3, 1983, and granted plaintiff use of the easement (upon payment of damages awarded by the jury) on February 7, 1983, or four days after the proposed jury trial date. Relator's petition for writ of prohibition and our preliminary order followed.

■ In full, one of relator's points relied on reads: "The trial court exceeded its jurisdiction in accepting the report of commissioners, as amended, and in approving said report, because there was no probative evidence concerning the location of the way of necessity." Any apt reader of the point will quickly observe it is penned in utter disregard of the mandates of Rule 84.04(d) for it nowhere undertakes to allege "wherein and why" there "was no probative evi-

dence concerning the location of the way of necessity." But because relator was not given a second chance under Rule 84.08 to do that which he should have done correctly in the first instance, we are constrained to briefly observe the relator's argument under this point, which states that the trial court erred in accepting the commissioners' amended report because it was predicated upon a survey of the easement which had not been traced to a government corner. In this respect we note that the surveyor's testimony in respect to the survey made presented a question of fact for the trial court to determine whether or not the government corner had been established in accordance with the requirements of law and acceptable procedures.

■ Writs of prohibition raise the issue of whether the circuit court properly acted as it did, for if that court has no jurisdiction over the parties or the subject matter, or if the court acted in excess of its jurisdiction, the writ will lie. *State ex rel. Vogel v. Campbell,* 505 S.W.2d 54, 58[7] (Mo. banc 1974). However, "prohibition will not correct error unmixed with jurisdictional matters in a lower court, for a court may act within its jurisdiction and decide wrongly." *State ex rel. Bonzon v. Weinstein,* 514 S.W.2d 357, 362[5] (Mo.App.1974). Therefore, if an adequate remedy by appeal exists, prohibition is to be denied for prohibition is not a substitute for appeal nor is it to be employed as a device to correct alleged trial errors or rulings. *State ex rel. Lang v. Hodge,* 608 S.W.2d 432, 434–435[1] (Mo.App.1980). In short, relator nowhere claims the court nisi did not have jurisdiction or authority to enter an order accepting or rejecting the commissioners' amended report based upon the survey or did not have jurisdiction or authority to declare that the survey did or did not commence at a legally established corner. Consequently that portion of the preliminary writ dealing with the propriety vel non of the trial court's acceptance of the amended commissioners' report was improvidently issued and that portion thereof is ordered quashed.

---

**2.** Sec. 228.390: "If the proceedings be found by the court to be irregular, new commissioners *may* be appointed, with like powers and duties as the former commissioners." (Our emphasis).

As heretofore noted, on December 10, 1982, respondent approved the amended report of the commissioners, set a jury trial on the issue of relator's damages per § 228.400 for February 3, 1983, and granted plaintiff, upon payment of damages assessed by the jury, use of the easement on February 7, 1983, which would be on the fourth day after the jury trial. In so doing the latter, the relator herein says that respondent judge lacked or exceeded the court's jurisdiction under § 228.410.

Per § 228.400, when relator timely objected to the amended report of the commissioners, a jury was to be sworn and a "judgment" was to be entered in conformity with the verdict. An appeal from such judgment "shall be allowed and taken within the time and in the manner provided for appeals in civil cases ...." Under § 228.-410 at the time of the giving of the judgment on the verdict, the respondent was required, contingent upon the payment of damages awarded, to "specify the time when ... the possession shall be given by the owner, giving the owner ... a reasonable time, not exceeding six months, to erect fences [if] required, and also time to gather growing crops, if any ..., which time shall be stated in the judgment." Rule 81.05 provides that a judgment becomes final for the purposes of appeal at the expiration of thirty days after the entry of the judgment if no timely motion for a new trial is filed. However, if such a motion is timely filed, then the judgment becomes final for appeal purposes 90 days after the motion is filed or when the motion is passed on, whichever occurs first.

When the respondent entered his December 10, 1982, order, supra, there existed no final appealable judgment in the cause from which relator could properly appeal. *Madison v. Sheets,* 361 Mo. 712, 715, 236 S.W.2d 286, 288[2, 3] (1951). The "judgment" contemplated by § 228.410 was not to be entered until after the jury had reached its verdict. Also, as part and parcel of that "judgment", the court, inter alia, was to specify when possession was to be given by the owner. The December 10, 1982, order was an improper or erroneous undertaking by the trial court to render or enter part of the judgment contemplated by § 228.410 prematurely. The purported partial judgment was rendered or entered prior to the cause becoming ripe therefor because § 228.410 made no provision for entry of a judgment until after the reception of a proper verdict. 49 C.J.S. Judgments § 113b., pp. 238–239 and cases there cited. Furthermore, the purported partial judgment, if valid, would tend to emasculate relator's post-judgment remedies.

That portion of the preliminary writ dealing with the propriety of that part of the respondent's order of December 10, 1982, wherein he erroneously undertook to specify when possession of the easement was to be given by relator prior to the jury trial is made absolute, and the cause is remanded to the circuit court to enter an order setting the cause for trial before a jury and upon receipt of a proper verdict to follow the mandates of § 228.410 in entering judgment thereon.

FLANIGAN, P.J., GREENE, C.J., and CROW, J., concur.