Glenda J. BROWN, Appellant,

v.

Lawrence O. BROWN, Respondent.

No. 65921.

Supreme Court of Missouri,
En Banc.

Oct. 9, 1984.

Joseph S. Sanchez, Festus, for appellant.

Lawrence J. Robertson, High Ridge, for respondent.

BLACKMAR, Judge.

This case arises out of an unfortunate domestic imbroglio, in which the children are the ultimate victims. The marriage of

the parties was dissolved in 1980. Primary custody of the two daughters, now aged 11 and 9, was awarded to the appellant mother. When she moved to the state of Washington in 1981, the decree was modified by agreement to permit this move and to define the father's rights of temporary custody and visitation. The father remains a resident of Jefferson County.

Following severe disagreements over visitation the respondent father sought a modification in the court which had entered the decree of dissolution. The trial court granted the modification, giving primary custody to the father and defining the mother's rights of temporary custody. The court also found the mother in contempt for interfering with the father's visitation rights and imposed a six-month sentence with execution suspended and two years' probation.

The mother appealed. The Court of Appeals, Eastern District, reversed the judgment transferring custody and determined that the contempt conviction was improper. A dissenting judge transferred the case here because of a jurisdictional problem, certifying conflict with *Timmings v. Timmings,* 628 S.W.2d 724 (Mo.App.1982). He would hold that the courts of Washington have exclusive jurisdiction under the Uniform Child Custody Jurisdiction Act, (UCCJA) adopted in Missouri as § 452.450, RSMo 1978. We stand possessed of the entire case as though on original appeal and now determine that the assumption of jurisdiction was proper, vacate the contempt judgment, and affirm the dispositive judgment of the circuit court.

■ The jurisdictional point is easily dealt with. We do not believe that UCCJA operates to disable the court which issued the original dissolution and custody decree when neither party objects to its jurisdiction. It is neither necessary nor appropriate to speculate about hypothetical situations which might be presented in cases in which the jurisdiction is challenged.

■ Nor is the contempt issue viable. The two years of suspended execution have now expired and the respondent father has no desire to perpetuate the citation. The practical course without considering either appealability, or propriety, is to vacate the contempt judgment.

■ We therefore reach the merits. Our authority is circumscribed by *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). This holding stands as a significant caution to appellate courts, especially in domestic cases, where testimony is often sharply divergent and lawyers are prone to reargue the facts on appeal.

It is not necessary to set out the evidence in detail. The testimony of the parties is sharply divergent. It is the province of the trial judge to resolve conflicts. He specifically stated that he found the mother's testimony incredible. He could have found that the mother, from the very issuance of the decree, followed a consistent course of interference with the father's visits and even with his telephone calls. He could also have found that the father, who has remarried, could provide a satisfactory environment for raising the two girls. The move to Washington was an additional circumstance which the trial judge could have considered because it rendered the rights of visitation all the more important and enforcement more difficult. The court could have resolved one particular disagreement by finding that the father on one occasion, after having arranged air transportation for the girls, canceled unpaid-for tickets after the mother told him that he would not be allowed to see his daughters, and that she later arranged for them to fly to Missouri under a name other than their own, to visit the maternal grandparents, without telling their father that they would be in Missouri. The judge could have disbelieved the contrary evidence about these incidents. He also weighed the father's delinquencies in child support payments and his testimony that this was in retaliation for the mother's denial of visitation, against the mother's delinquencies. There was substantial evidence to support a finding of change in circumstances as required by § 452.410, RSMo 1978.

We have carefully examined the Court of Appeals' majority opinion because its conclusion differs from ours. We believe that the majority succumbed to the temptation to substitute its judgment for that of the trial judge and to give weight to evidence which the trial judge did not have to accept. There is little profit in considering the facts of the numerous cases cited, for each case is different and unique. The transcript demonstrates Judge Anderson's struggle to reach a proper decision in this very difficult case, in which both parties are at fault. He was in the best position to make a decision and we are unable to conclude from the cold record that he is wrong.

The adjudication of contempt is vacated. In all other respects the judgment of the circuit court is affirmed.

All concur.