## STATE of Missouri, ex rel. Michael Kevin LAHAMMER, Relator,

v.

## Honorable James A. FRANKLIN, Jr., Respondent.

### No. 15703.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 13, 1988.

---

Peggy S. Hedrick, Springfield, for relator.

G. Stanley Moore, Donnelly, Baldwin, Wilhite and Moore, Lebanon, for respondent.

PREWITT, Judge.

Relator filed a "Petition for Writs of Prohibition and Mandamus" requesting that this court prohibit respondent trial judge from taking any action in the underlying motion to modify filed by relator's former wife, Juanita Lahammer McNeil. He also requests an order directing respondent to dismiss that motion.

In her motion McNeil seeks an order modifying a dissolution decree entered on January 5, 1987, in South Dakota, as subsequently modified on July 8, 1987. Under the July 8, 1987 modification each party has custody of their two minor children six months of the year. McNeil, in her motion, requests an order giving her sole care and custody of the children. Following the filing of relator's petition this court entered a preliminary order in prohibition prohibiting respondent from taking any further action on the motion. There also is custody litigation instituted by relator between relator and McNeil in California where relator now resides. The trial court there declined jurisdiction and the matter is on appeal.

Appellate courts are reluctant to issue the extraordinary writs of prohibition and mandamus except where a clear right to them appears. See *State ex rel. Pisarek v. Dalton,* 549 S.W.2d 904, 905 (Mo.App. 1977); *State ex rel. Deering Milliken, Inc. v. Meyer,* 449 S.W.2d 870, 873 (Mo.App. 1970); *State ex rel. McGarry v. Kirkwood,* 423 S.W.2d 205, 208 (Mo.App.1967).

The issuance of a writ of mandamus lies in the discretion of an appellate court. *State ex rel. Jay Bee Stores v. Edwards,* 636 S.W.2d 61, 62–63 (Mo.banc 1982). Before granting the writ the court will look to

the public interest which may be concerned, consider all existing facts, and act with regard to the consequences. *State ex rel. Cassilly v. Riney,* 576 S.W.2d 325, 328 (Mo.banc 1979).

Issuance of an order in prohibition is solely within the discretion of the appellate court. *Tierney v. Planned Industrial Expansion Authority of Kansas City,* 742 S.W.2d 146, 150 (Mo.banc 1987).

Relator contends that respondent has no jurisdiction in the underlying action. Among the allegations in McNeil's motion to modify is the statement that jurisdiction is proper based upon § 452.450.1(2), RSMo 1986. That statute states:

1. A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

\* \* \* \* \* \*

(2) It is in the best interest of the child that a court of this state assume jurisdiction because:

(a) The child and his parents, or the child and at least one litigant, have a significant connection with this state; and

(b) There is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or

\* \* \* \* \* \*

Although the children had not been here the six months necessary to make this their "home state", see § 452.445(4), RSMo 1986, the record reflects that they are currently in this state and that McNeil currently resides and is employed here. We cannot say that it is clear that there could not be jurisdiction under § 452.450.1(2). It is desirable that some court promptly decide this matter. Were we to make a full and final determination on this issue, it would require us to hear or have taken for us much if not all of the same evidence that the trial court would hear. We decline to do so because of the delay and inconvenience that would occur. Of course, the right of appeal would exist following the trial court's judgment.

Relator makes other arguments, but they neither prohibit respondent from exercising jurisdiction nor otherwise compel our issuance of a final writ in either mandamus or prohibition.

The preliminary order previously entered is dissolved and relator's petition denied.

FLANIGAN, P.J., and HOGAN and MAUS, JJ., concur.