STATE of Missouri, ex rel. The MISSOURI OZARKS ECONOMIC OPPORTUNITY CORPORATION, a Missouri Not–For–Profit Corporation, a/k/a Missouri Ozarks Community Action, Inc.,

and

Ms. Harriet Nichols, Secretary of the Board,

and

Ms. Kenita Johnson, Former Acting Director, Missouri Ozarks Community Action, Inc., Relators,

v.

The Honorable Douglas E. LONG, Judge, Division I, Pulaski County Circuit Court, 25th Judicial Circuit of Missouri, Respondent.

No. 15714.

Missouri Court of Appeals, Southern District, Division Two.

Jan. 11, 1989.

Rick E. Temple, Ellis, King, Ellis & Black, Springfield, for relators.

Douglas W. Greene, III, Montgomery, Twibell, Upp & Greene, Springfield, for respondent.

## ORIGINAL PROCEEDING IN PROHIBITION

PER CURIAM:

This court entered a preliminary order in prohibition after relators asked it to issue a writ of prohibition prohibiting respondent from entertaining an action filed by Roby Sapere against relators. The action sought judicial review of the decision of the per-sonnel committee of relator, The Missouri Ozarks Economic Opportunity Corporation (relator corporation), upholding the discharge of Sapere. Relators thereafter filed a motion to dismiss, contending that respondent had no jurisdiction to review the discharge of Sapere. They contend that relator corporation is not an "agency" as defined under § 536.010(1), RSMo 1986.

The parties here agree that the petition for review was filed under Chapter 536. In that chapter "agency" is defined as "any administrative officer or body existing under the constitution or by law and authorized by law or the constitution to make rules or to adjudicate contested cases". § 536.010(1), RSMo 1986. In his petition Sapere alleged regarding the status of relator corporation:

> That the defendant, The Missouri Ozarks Economic Opportunity Corporation, a/k/a Missouri Ozarks Community Action, Inc., is a corporate entity existing under the not-for-profit corporation laws of the State of Missouri, as an administrative agency created for the purpose of administering state and federally funded programs intended to alleviate the conditions of poverty and to educate people to become self-supporting. Said defendant is authorized to sue and be sued under the laws of the State of Missouri and is further authorized to make rules and to adjudicate contested cases and grievances. Among its duties, is a requirement to hold hearings on matters involving the dismissal, discharge, and discipline of employees, at which time the legal rights and privileges of such employees are determined. The principal place of business of defendant, The Missouri Ozarks Economic Opportunity Corporation, is Pulaski County, Missouri.

Appellate courts are reluctant to issue the extraordinary writ of prohibition except where a clear right to it appears. *State ex rel. Lahammer v. Franklin*, 756 S.W.2d 956 (Mo.App.1988). Issuance of an order in prohibition is within the discretion of an appellate court. Id. at 957.

██ Relator has the burden of showing that respondent will usurp or act in excess

of his jurisdiction; respondent is presumptively correct in determining that he has jurisdiction. *State ex rel. Hamilton v. Dalton,* 652 S.W.2d 237, 239 (Mo.App. 1983); *State ex rel. Martin v. Peters,* 649 S.W.2d 561, 563 (Mo.App.1983).

■ Where jurisdiction turns upon facts to be determined by the trial court, its ruling that it has jurisdiction, if wrong, is simply error for which prohibition is not the proper remedy. *State ex rel. Clem Trans., Inc. v. Gaertner,* 688 S.W.2d 367, 368 (Mo.1985).

■ Based on these principles it appears that we must ascertain whether the pleadings presented established, without the aid of undetermined facts, that the trial court was in excess of its jurisdiction. More specifically, it appears we must determine whether it is clear that relator corporation is not an "Agency" within the meaning of chapter 536.

■ Although we find no cases specifically answering this question, certain decisions are of aid to us. In determining whether an office is a public office, it is the authority to act with the sanction of government behind it which determines whether or not a governmental agency exists; the form the agency takes is not determinative. *Lassiter v. Guy F. Atkinson Co.,* 176 F.2d 984, 991 (9th Cir.1949); 73 C.J.S. Public Administrative Law and Procedure § 8, p. 366 (1983). In Missouri it has been said that a "public office" is "a charge or trust conferred by public authority for a public purpose; the duties of which involve in their performance, the exercise of some portion of sovereign power, whether great or small." *State ex rel. Zevely v. Hackmann,* 300 Mo. 59, 254 S.W. 53, 55 (1923). Thus it appears that the functions to be carried out by the relator corporation, rather than its form, as a not-for-profit corporation, determines whether it is a public agency. Plaintiff's petition for review suggests that it is possibly a public agency.

However, even if the relator corporation is a public agency, it must still come within the specific definition of an "agency" in § 536.010(1) before the trial court would have jurisdiction. The Missouri definition of "agency" substantially follows the Uniform State Administrative Procedure Act, with certain variations and omissions. See 14 U.L.A. Civil Proc. & Rem. Laws 159 (1988 P.P.). These changes appear to have the effect of broadening the scope of public officers and bodies within the meaning of the statute. For example, a municipality was found to be an "agency" within the meaning of the statute. *Reynolds v. City of Independence,* 693 S.W.2d 129 (Mo.App. 1985). See also *Hunter v. Madden,* 565 S.W.2d 456, 458 (Mo.App.1978) (holding that chapter 536 applies to municipal as well as state agencies). Generally, on the "wide range of governmental institutions ... encompassed by the [Missouri] definition of agency", see Missouri Practice: Administrative Practice & Procedure, Neely–Shinn, pp.26–34 (1986).

The broader interpretation in Missouri can be contrasted with states adopting a narrower definition under the Uniform State Administrative Procedure Act. See *Catholic Family and Community Services v. Commission on Human Rights and Opportunities,* 3 Conn.App. 464, 489 A.2d 408 (1985) (limiting "agency" to state agencies); *Fisher v. Housing Authority of Omaha,* 214 Neb. 499, 334 N.W.2d 636, 639 (1983) (housing authority not an "agency" within meaning of the Administrative Procedures Act); *Benson v. Fort Dodge Police Pension Board,* 312 N.W.2d 548, 550 (Iowa 1981) (Board not created by state statute, but locally governed, not a state agency).

Community action agencies as appear to be described by plaintiff in his petition for review may be authorized by law. See § 660.370, RSMo 1986. Additionally, community action agencies are authorized under federal law to receive federal funds for the elimination of poverty. See 42 U.S.C § 9801, et seq.

If other jurisdictional requirements are met this appears to be a contested case. A dispute between a discharged employee and the employing agency is such a case. *Mills v. Federal Soldiers Home,* 549 S.W. 2d 862, 865 (Mo.1977).

To be able to say absolutely that respondent does not have jurisdiction, we would have to say that a not-for-profit corporation cannot be an "agency" within the meaning of § 536.010(1). It is alleged that it is, and based upon the authorities mentioned above we are not prepared to say that it absolutely could not be. That will depend upon the evidence and the parties should be given a chance to develop that evidence. Therefore, we decline to prohibit respondent from proceeding.

The preliminary order previously entered is dissolved, and relators' petition denied.

All concur.