STATE of Missouri, Respondent,

v.

Willie AYERS, Appellant.

Willie AYERS, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 19176, 19896.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 27, 1995.

Emmett D. Queener, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Paul R. Boyd, Asst. Atty. Gen., for respondent.

PREWITT, Judge.

Following trial by jury, Appellant, charged as a prior and persistent offender, was convicted of first-degree murder and armed criminal action. Appellant was sentenced to life without probation or parole for the murder conviction, with a concurrent thirty-years' imprisonment sentence for the armed criminal action conviction. He appeals those convictions. Appellant also filed a Rule 29.15 motion, seeking to vacate, set aside or correct the judgment and sentence. Following an evidentiary hearing, the motion was denied, and Appellant also appeals that ruling. The appeals are consolidated herein, pursuant to Rule 29.15(*l*).

Appellant presents three points relied on, none of which dispute the sufficiency of the evidence presented. Therefore, we only briefly mention the evidence supporting the convictions.

On the night of June 3, 1992, Appellant was present at the home of Sarah Foulks, where he had been a frequent visitor. Also present that night were Ms. Foulks' three young sons. Two of the boys testified to hearing an argument between Appellant and Ms. Foulks after the boys had been sent to bed for the night. They testified that Ms. Foulks wanted Appellant to leave, but he refused. Both boys recalled hearing Appellant threaten Ms. Foulks, saying, "[D]on't let me have to put a bullet in your head." The argument escalated as Appellant "kept on fussing and pushing and kept on pushing [Ms. Foulks]."

Ms. Foulks attempted to leave the house with the boys, telling them they were going to their maternal grandparents' home down the street. Appellant had in his possession the keys to Ms. Foulks' car. Ms. Foulks and the boys got out through the front door and began running to her parents' home. Appellant ran after Ms. Foulks, and upon catching her, he grabbed her around the neck and shot her in the head three times. The boys testified that Appellant then lit a cigarette and drove off in Ms. Foulks' car. Appellant was apprehended later that morning in Memphis, Tennessee, driving Ms. Foulks' car, and in possession of a .25 automatic pistol.

■ We first consider Appellant's contention that the trial court erred by allowing the state in the criminal proceeding to improperly present an "argument that the jury convict Willie to prevent violent crime ... because the argument urged the jury to convict Willie to correct societal problems rather than on evidence of his guilt of the offense charged." The argument referred to is reflected in the transcript as follows:

[Prosecuting attorney] We all know that we're living in extremely violent times in our society. I think part of the reason for that in our society is that nobody wants to take responsibility for their actions. Over the past 20 or 25 years our society has become one of excuses. Quick fixes. Instant gratification. Me-centered world. Society is pervaded by a lack of responsibility. People who seek to avoid responsibility. Just as this Defendant seeks to avoid responsibility for murder in the first degree. But I say to you he should be held responsible for what he did. He should be held responsible for committing the murder in the first degree.

A lot of times you may read in the paper or hear about on the news of some violent crime being committed and you may think to yourself, why doesn't somebody do something about it. They ought to do something about that. Today the police have come, they've investigated the case and they got on the stand—

[Defense counsel]: Judge, I object to him trying to get them to respond to this verdice [sic] by what they read about some other case in the paper. That's an improper verdict. They're [sic] verdict today should not be responsive to other cases in

the paper. That seems to be argumentative to me.

THE COURT: Overruled.

[Prosecuting attorney]: The police have come today and they have told you about what they did, their investigation. They testified and they've done everything what they can do about this crime of the murder of Sarah Armour Foulks. These little children came and told you about seeing their mother executed and were cross-examined about it and they've done everything that they can about the death of their mother. I've put on the evidence. And pretty soon I'll sit down and I will have done everything that I can do about this crime of murder of Sarah Armour Foulks. Then the only one that can do anything about this crime is you. This is your rare opportunity as representatives of society to do something about a crime. I'm confident that you'll do the right thing and the right thing in this case is guilty of murder in the first degree and guilty of armed criminal action in connection with murder in the first degree. Because a verdict of murder in the first degree will send a message to this Defendant and any others who think like him of what will happen if they decide to execute an innocent person so they'll be held in the standard the law provides.

■ The State argues that the objection of defense counsel was not sufficiently specific to preserve this contention. Presuming, without deciding, that the objection was sufficient, nevertheless, there was no error. Appellate courts reverse the trial court's decisions with regard to closing argument if a showing of abuse of discretion is made. *State v. Shurn,* 866 S.W.2d 447, 460 (Mo. banc), *cert. denied,* —— U.S. ——, 115 S.Ct. 118, 130 L.Ed.2d 64 (1993).

■ Courts in this state have long allowed the prosecuting attorney to argue that the jury should "send a message" that crime should be severely punished or that the protection of the public rests with the jury. *State v. Cobb,* 875 S.W.2d 533, 537 (Mo. banc), *cert. denied,* —— U.S. ——, 115 S.Ct. 250, 130 L.Ed.2d 172 (1994). It is permissible for the state to argue that crime is prevalent in the community, that law enforcement is a necessity, that conviction is a part of the jury's duty to prevent crime, and to ask for severe penalties as a deterrent to others. *State v. Rodgers,* 899 S.W.2d 909, 912 (Mo. App.1995); *State v. Hatcher,* 835 S.W.2d 340, 344–45 (Mo.App.1992); *Kenley v. State,* 759 S.W.2d 340, 356 (Mo.App.1988).

The argument is reasonably susceptible to the interpretation that Appellant should be held responsible for committing the crime and not for crimes of others. The comments indicate that the jury was to send a message to others that they are accountable for their own actions by holding Appellant accountable for his actions. We find no abuse of discretion or reversible error in allowing the argument. This point is denied.

■ Appellant raises, *pro se,* the contentions that the judge who presided over the criminal trial should have recused himself sua sponte, and that his attorney was ineffective by not seeking the judge's recusal. Appellant asserts that the victim had worked in the judge's re-election campaign, and that the judge had presided over a criminal case involving the victim.

■ A judge is entitled to the presumption that he will not preside at a trial in which he cannot be impartial. *State v. Cooper,* 811 S.W.2d 786, 791 (Mo.App.1991). Appellate courts defer to the trial court's decision on this issue unless there is an abuse of discretion. *Id.*

■ We do not find in the record where it is established that the victim worked in the judge's re-election campaign, nor any reason why, if she did so, presiding over a criminal trial involving her would have made him less than impartial. An acquaintanceship between a judge and a victim is not a basis for requiring the judge to disqualify. *Keys v. State,* 271 Ind. 52, 390 N.E.2d 148, 152 (1979); *Commonwealth v. Perry,* 468 Pa. 515, 364 A.2d 312, 317–18 (1976).

■ Nor was Appellant's trial counsel ineffective in not attempting to have the judge disqualify himself. To establish ineffective assistance of counsel, Appellant must establish that there was a reasonable possibility that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Stith v. State,* 893

S.W.2d 384, 386 (Mo.App.1995); *Tatum v. State,* 693 S.W.2d 903, 904 (Mo.App.1985). There is a presumption that counsel's conduct was appropriate. *State v. Vivone,* 857 S.W.2d 489, 492 (Mo.App.1993). Whether to file a motion to disqualify a judge is a matter of trial strategy. *State v. Foster,* 854 S.W.2d 1, 7 (Mo.App.1993). No prejudice relating to the judge or the failure to disqualify him has been shown. This contention is denied.

The remaining contention raised by Appellant is that he received ineffective assistance of counsel in the criminal trial, in that his attorney failed to call him as a witness and counsel failed to investigate and call rebuttal witnesses.

■ Review of a Rule 29.15 motion is limited to determining if the findings and conclusions of the trial court are clearly erroneous. Rule 29.15(j). Those findings are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression a mistake was made. *Day v. State,* 770 S.W.2d 692, 695–96 (Mo. banc), *cert. denied,* 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989).

■ Appellant and his trial counsel in the criminal matter differed regarding Appellant's desire to testify. Credibility of those witnesses was for the motion court. *State v. Fuller,* 880 S.W.2d 589, 593 (Mo.App. 1994). The motion court had a sufficient basis to find that counsel and Appellant agreed that it was in his best interest not to testify.

■ Appellant's claim that counsel was ineffective for failure to call certain witnesses is also without merit. The decision not to call a witness to testify is a matter of trial strategy and, as such, is nearly unchallengeable. *State v. Khoshaba,* 878 S.W.2d 472, 477 (Mo.App.1994). To show merit to such a contention Appellant must prove that a witness could have been located through reasonable investigation, the witness would have testified if called, and the witness' testimony would have provided a viable defense. *Id.*

At the motion hearing, Appellant called one of the three persons he claimed should have been witnesses. On this issue, the motion court found:

The allegation in the pro se motion and in the amended motion that the attorneys did not adequately investigate the case is not supported by the evidence. Movant claimed to have suffered a partial loss of memory, and apparently all of the other witnesses testified for the State. The evidence clearly demonstrates that movant could not claim self-defense as the victim was fleeing when he chased her down and shot her. Therefore, any evidence as to the victim's alleged propensity for violence, and any evidence as to an attack by the victim and her father on another person, would not have been admitted in evidence. There is nothing to show that an investigation of the records of telephone calls from the victim's house would have helped the defense.

. . . .

Movant is not entitled to relief on the allegation in the amended motion that the trial attorneys failed to call James Sherell, Terry Jones, and William Presberry as witnesses. Only Jones testified at the motion hearing, and had his testimony been given at the trial it would not have benefited movant. Assuming that the testimony of the other two witnesses would have been the same as Jones' testimony, the result is the same.

These findings were not clearly erroneous. This contention is denied.

The judgments are affirmed.

CROW and PARRISH, JJ., concur.