STATE of Missouri ex rel., Gregory
BATES, Relator,

v.

The Honorable Peter REA, Judge, Circuit
Court of Taney County, Respondent.

No. 20684.

Missouri Court of Appeals,
Southern District,
Division Two.

May 16, 1996.

David N. Shuler, Springfield, for relator.

Richard W. Mason, Richard W. Mason,
P.C., Kansas City, for respondent.

ORIGINAL PROCEEDING
IN PROHIBITION

PREWITT, Judge.

Following Relator's petition in prohibition, this Court entered a preliminary order in prohibition. Relator contended that Respondent Judge improperly refused to disqualify following Relator's filing of two motions to do so.

Respondent counters that the initial motion was filed after evidence was heard, and thus Relator waived the filing of the motion to disqualify. Respondent also asserts that Relator waived the right to disqualify Respondent by agreeing that the matter be assigned to him, and by proceeding after the judge disclosed that he was a party to a lawsuit in opposition to Relator's mother. The lawsuit is the reason Relator contends that Respondent should have granted a change of judge.

Without deciding who is correct, as the record does not conclusively establish that Respondent Judge should have disqualified, the preliminary order is dissolved and the petition denied. The issue presented may be better reviewed on appeal when the record is more definitely developed. There, with a proper transcript, what occurred at the hearings on this matter, including what the judge disclosed and Relator's actions thereafter,

should establish whether Relator waived his right to a change of judge.

■ "Appellate courts are reluctant to issue the extraordinary writs of prohibition and mandamus except where a clear right to them appears." *State ex rel. Lahammer v. Franklin,* 756 S.W.2d 956 (Mo.App.1988). Issuing an order in prohibition is discretionary in an appellate court. *Id.* at 957.

■ A judge is entitled to the presumption that he will not hear a matter if he cannot be impartial. *State v. Ayers,* 911 S.W.2d 648, 651 (Mo.App.1995). Appellate courts defer to the trial judge's decision on such a question, unless there is an abuse of discretion. *Id. See also Grissom v. Grissom,* 886 S.W.2d 47, 55–56 (Mo.App.1994). "A judge has an affirmative duty not to disqualify himself unnecessarily." *Helton Constr. Co., Inc. v. Thrift,* 865 S.W.2d 419, 422 (Mo.App.1993).

■ A party may waive the right to disqualify a judge if it is clear from the record that a trial or hearing has commenced, or the cause taken under submission. *Heller v. Aldi, Inc.,* 851 S.W.2d 82, 85 (Mo.App.1993). *See also State ex rel. Nassau v. Kohn,* 731 S.W.2d 840, 842 (Mo. banc 1987); *State ex rel. York v. Kays,* 916 S.W.2d 859, 860 (Mo. App.1996); *Helton Constr. Co., Inc. v. Thrift, supra,* 865 S.W.2d at 422.

As the record does not establish a clear right to the relief sought, the preliminary order is dissolved and Relator's petition denied.

SHRUM, C.J., and PARRISH, J., concur.