STATE of Missouri ex rel. Tonya LOPP, Relator,

v.

**The Honorable David MUNTON, Associate Circuit Judge of Dade County, Missouri, Respondent.**

No. 24498.

Missouri Court of Appeals, Southern District, Division Two.

Jan. 30, 2002.

L. Donald Huelson, Overland Park, KS, for Appellant.

Frank E. Bysfield, III, Lamar, for Respondent.

PHILLIP R. GARRISON, Presiding Judge.

Relator ("Mother") contends Respondent should be ordered to dismiss a motion to modify a Kansas divorce decree with respect to child custody, child support and visitation filed by her former husband ("Father") because the trial court lacks jurisdiction to proceed in the matter. Pursuant to Rule 97.04,[1] we issued a preliminary order in prohibition. For the reasons outlined below, we make the preliminary order absolute to the extent Respondent is prohibited from determining the motion to modify to which the preliminary order was directed absent a finding consistent with § 452.505,[2] that the court that entered the decree sought to be modified has lost jurisdiction or if it has jurisdiction, has declined to exercise that jurisdiction. Such determination will establish whether Respondent must dismiss the pending motion to modify or proceed further in the matter. In all other respects said preliminary order is quashed.

■ Preliminarily, we note that the briefs presented to this court contain essentially two different sets of facts. Respondent argues that Mother's statement of facts fails to comply with Rule 84.04(c) in that "[i]t is neither fair nor concise [and] .... makes certain statements as purported facts, which are not only argumentative but also inaccurate and contrary to the record." Given the contents of the record and briefs presented to this court, it is difficult for us to determine what facts are

---

1. Unless otherwise noted, all references to rules are to Missouri Rules of Civil Procedure (2001).

2. Unless otherwise noted, all statutory references are to RSMo 2000.

argumentative and unsupported by the record.[3] However, we desire to decide cases on their merits whenever possible and we will proceed with that in mind. *State ex rel. Wilson v. Brown,* 897 S.W.2d 171, 173 (Mo.App. S.D.1995). In addition, it is apparent from the ruling that Respondent found the set of facts presented by Father more believable, and we agree with Respondent that the trial court is afforded deference and discretion in its determination regarding credibility of witnesses and conflicting evidence. *See In re Marriage of Eikermann,* 48 S.W.3d 605, 608 (Mo. App. S.D.2001).

Mother and Father were divorced in Linn County, Kansas in April 1999. Pursuant to that divorce decree, Mother was awarded primary physical custody of the couple's one child ("Child"), who was born on March 22, 1996, while Father was granted reasonable visitation. At some point following the divorce, Father moved to Missouri. Mother remained in Kansas, and up until at least November 2000, aside from visitations in Missouri with Father, Child resided in Kansas as well.

Mother and Father agree that Child came to Missouri on November 3, 2000 for a visitation with Father. The discrepancy over where Child resided and with whom Child may have lived temporarily begins sometime around November 6, 2000. According to Mother, since Child had not been returned to Kansas in time to avoid his third absence from a Head Start program (which would cause him to be disenrolled), she agreed to allow Child to live with Father for four weeks beginning November 6, 2000 so that Child could attend a Missouri Head Start program. Father's contention is that the understanding between Mother and Father was that Child would live with Father in Missouri and attend the Missouri Head Start program through the 2000–2001 school year. Father further contends that since approximately November 9, 2000, Child was "given to [Father] to care for and has resided continually thereafter with [Father] . . . in . . . Missouri."[4] Father also alleges in his motion to modify custody that "friction" between Child and Child's step-father had resulted in a request from Mother for Father to "come pick up" Child. However, it is unclear from the record when such request(s) occurred.

The record indicates that Child spent some time in Kansas with Mother during two separate periods surrounding the Thanksgiving and Christmas holidays of 2000. Mother argues that when Child returned to Missouri on December 31, 2000, it was based on an agreement between Mother and Father that it would only be a two-week visitation, but that Father had no intention of abiding by that agreement. Mother and Father agree that in January 2001, Father notified Mother of his intention to have the custody arrangement modified.

There are various accusations as to what occurred between January 2001 and May 2001. Mother claims she took various steps to get Child back, including trips to Missouri, numerous phone calls to Father and requests for assistance from Kansas and Missouri law enforcement officials. She further claims that on three occasions

---

**3.** The record did not include a transcript. Mother filed a motion for additional time to file the transcript; however, it was not filed until after all of the briefs had been filed. That motion was denied. The contents of the transcript would not alter the result reached herein.

**4.** There is no explanation given in the record for the apparent discrepancy of dates between November 6, 2000 and November 9, 2000, but whichever date is correct does not affect the outcome.

Father would not allow her to see Child. Father alleges a Missouri doctor found stitches, which the doctor removed, that had been left in Child from a May 1999 procedure and that Mother's failure to ensure the stitches were removed constituted neglect.

On May 10, 2001, Father filed a motion to modify child custody, child support and visitation in the circuit court of Dade County, Missouri. Within the motion, Father alleges that there were substantial and continuing changes that warranted such modification. The motion further states that "[p]ursuant to the Uniform Child Custody Jurisdiction Act [UCCJA], Missouri has proper jurisdiction in that [Child] has resided with [Father] in the State of Missouri beginning November 9, 2000 continuing to the present date."

On June 29, 2001, Mother filed a motion to dismiss due to lack of personal jurisdiction and subject matter jurisdiction. Mother contends that Respondent "does not have jurisdiction of this matter in that the requirements of the UCCJA have not been met." Specifically, Mother charges that Missouri is not the home state of Child; that Respondent may not modify the Kansas decree since, pursuant to § 452.505, Kansas appears to have jurisdiction and has not declined such jurisdiction; and that Father's improper conduct in not returning Child to Mother entitles Respondent to decline jurisdiction.

On August 6, 2001, a hearing was held on the matter and on August 28, 2001, Respondent denied Mother's motion to dismiss finding it had jurisdiction to hear the custody matter. Respondent determined Missouri was Child's home state. Further, Respondent found that Mother and Father agreed Child would live with Father beginning November 6, 2000; Child lived in Dade County, Missouri since November 3, 2000; Child visited Mother in Kansas for one to two days at Thanksgiving and a week or less during Christmas; and Child attended a Missouri Head Start program during Spring 2001.

On October 1, 2001, Mother filed a petition for writ of prohibition with this court. Mother alleges in her petition that Respondent lacked subject matter jurisdiction over the issue pursuant to the UCCJA. On October 24, 2001, we issued a preliminary order in prohibition.

■■■ "The remedy afforded by the writ of prohibition shall be granted to prevent usurpation of judicial power." § 530.010. The intention is not for a writ to serve as "a remedy for all legal difficulties nor ... as a substitute for appeal." *State ex rel. Tolbert v. Sweeney*, 828 S.W.2d 929, 930 (Mo.App. S.D.1992). It is an extraordinary remedy that should lie "only in cases of extreme necessity." *State ex rel. Lester E. Cox Med. Ctr. v. Wieland*, 985 S.W.2d 924, 926 (Mo.App. S.D.1999). The primary function of prohibition is to limit judicial activities to those within bounds of "authority, preventing actions in want or in excess of the court's jurisdiction." *Tolbert*, 828 S.W.2d at 930. "[P]rohibition will lie where there is a usurpation of judicial power because the trial court lacks either personal or subject matter jurisdiction." *State ex rel. In Interest of R.P. v. Rosen*, 966 S.W.2d 292, 295 (Mo.App. W.D.1998).

■■ Appellate courts issue such writs in their discretion and only when the trial court has acted arbitrarily or unjustly. *See State ex rel. Soete v. Weinstock*, 916 S.W.2d 861, 863 (Mo.App. E.D.1996); *see also State ex rel. Bates v. Rea*, 922 S.W.2d 430, 431 (Mo.App. S.D.1996). If Respondent has inappropriately denied Mother's motion to dismiss, then Respondent has acted arbitrarily, unjustly and outside of its jurisdiction, which would render prohibition a suitable remedy. *See State ex rel.*

*Brandon v. Dolan*, 46 S.W.3d 94, 96 (Mo. App. S.D.2001). It is Mother's burden to demonstrate for this court that Respondent has usurped his jurisdiction. *See Tolbert*, 828 S.W.2d at 930.

Mother presents four points relied on. The second point is the one on which we base our holding, and we will address it first. In that point, Mother claims she is entitled to an order prohibiting Respondent from exercising jurisdiction in this matter due to the fact that § 452.505 prevents Respondent from modifying the Kansas decree because Kansas still has jurisdiction of the matter.

■ In total, § 452.505 reads as follows: If a court of another state has made a custody decree, a court of this state shall not modify that decree unless it appears to the court of this state that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with sections 452.440 to 452.550 or has declined to assume jurisdiction to modify the decree and the court of this state has jurisdiction.

The statute establishes a two-prong test to determine whether a Missouri court has jurisdiction to modify a custody decree initiated in another state. *See* § 452.505; *Adams v. Adams*, 871 S.W.2d 105, 107 (Mo.App. E.D.1994). "[W]hether a Missouri court has jurisdiction to modify a court decree of another state under the UCCJA depends on (1) whether the court entering the decree has lost jurisdiction or, having jurisdiction, has declined to exercise it; and (2) whether Missouri has jurisdiction under the Act." *Adams*, 871 S.W.2d at 107; *see also Matter of T.C.M.*, 651 S.W.2d 525, 528 (Mo.App. E.D.1983).

Respondent addressed the second prong, determining that Missouri was Child's home state, which would establish Missouri's jurisdiction pursuant to § 452.450. *See* § 452.450.1; *T.C.M.*, 651 S.W.2d at 528. In another point, Mother argues that Respondent erred in his determination that Missouri was Child's home state. However, for our discussion here, we need not address the propriety of that determination, and only note that Respondent met the second prong of the test by expressly finding that Missouri was Child's home state, thus determining *Missouri's* jurisdiction under the UCCJA. *See T.C.M.*, 651 S.W.2d at 528.

■ "It is implicit in the scheme of the UCCJA that the [trial] court make an initial determination of jurisdiction by express findings of fact before proceeding to the substantive issue of custody." *Piedimonte v. Nissen*, 817 S.W.2d 260, 266 (Mo. App. W.D.1991). "[A] ruling of jurisdiction by a court that is merely conclusory or that assumes jurisdiction, but is tacit as to the factual basis for that adjudication, does not meet the objectives of the [UCCJA]." *Id.* While Respondent made findings regarding Missouri's jurisdiction, the first prong of the test under § 452.505 was not met in that there was no finding that Kansas lacked jurisdiction to determine Child's custody under jurisdictional prerequisites substantially in accordance with §§ 452.440 to 452.550. *See In re Marriage of Phillips*, 723 S.W.2d 579, 582 (Mo.App. S.D.1987). In addition, there was no finding that Kansas had declined to assume jurisdiction to modify the custody provision in the Kansas decree. *See id.*

In cases where the status of the foreign state's jurisdiction is at issue, Missouri's § 452.450 [5] is used to determine the for-

**5.** Section 452.450.1 in full states that "[a] court of this state which is competent to de-
cide child custody matters has jurisdiction to make a child custody determination by initial

eign state's jurisdiction. *See* § 452.450.1; *see also Steele v. Steele,* 978 S.W.2d 835, 839 (Mo.App. W.D.1998); *Piedimonte,* 817 S.W.2d at 269–72; *Phillips,* 723 S.W.2d at 582; *T.C.M.,* 651 S.W.2d at 528 (testing the jurisdiction of Wisconsin, Oregon, Virginia, and North Carolina respectively). Using § 452.450, there are four possible bases of jurisdiction for Kansas that Respondent must test in order to issue findings regarding whether Kansas retains jurisdiction. *See* § 452.450.1; *T.C.M.,* 651 S.W.2d at 528.

Because Respondent made no findings concerning the existence or non-existence of jurisdiction by the Kansas courts, we make our preliminary writ absolute for the purpose of directing Respondent to make the determination required by § 452.505. If additional evidentiary hearings are necessary for such a determination, Respondent may hold such hearings. If Respondent determines that either Kansas does not have jurisdiction under § 452.450 or that Kansas has declined jurisdiction, he may proceed further in the matter. Oth-

erwise, he must dismiss the pending motion to modify.

▮▮▮▮▮ In Mother's other three points, she asserts that she is entitled to an order prohibiting Respondent from exercising child custody jurisdiction in this matter because Missouri is not the home state of Child pursuant to the UCCJA, Father's conduct compels Respondent to decline jurisdiction pursuant to § 452.475.2,[6] and Father's conduct allows Respondent to decline any existing jurisdiction pursuant to § 452.475.1.[7] As indicated earlier, however, a writ of prohibition is an extraordinary remedy that is meant to prevent the usurpation of judicial power, not to serve as "a remedy for all legal difficulties nor ... as a substitute for appeal." *Tolbert,* 828 S.W.2d at 930; *see also* § 530.010 and *Wieland,* 985 S.W.2d at 926. Care must be taken not to use the superintending control of issuing a writ to address a claim of error that effectively can be raised on appeal. *See State ex rel. Hannah v. Seier,* 654 S.W.2d 894, 896 (Mo. banc 1983). Oth-

or modification decree if: (1) This state: (a) Is the home state of the child at the time of commencement of the proceeding; or (b) Had been the child's home state within six months before commencement of the proceeding and the child is absent from this state for any reason, and a parent or person acting as parent continues to live in this state; or (2) It is in the best interest of the child that a court of this state assume jurisdiction because: (a) The child and his parents, or the child and at least one litigant, have a significant connection with this state; and (b) There is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or (3) The child is physically present in this state and: (a) The child has been abandoned; or (b) It is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse, or is otherwise being neglected; or (4) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with subdivision (1), (2), or (3), or

another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and it is in the best interest of the child that this court assume jurisdiction."

6. Section 452.475.2 states in part that "[u]nless required in the interest of the child, the court shall not exercise its jurisdiction to modify a custody decree of another state if the petitioner, without consent of the person entitled to custody, has improperly removed the child from the physical custody of the person entitled to custody or has improperly retained the child after a visit or other temporary relinquishment of physical custody."

7. Section 452.475.1 states that "[i]f the petitioner for an initial decree has wrongfully taken the child from another state or has engaged in similar reprehensible conduct, the court may decline to exercise jurisdiction if this is just and proper under the circumstances."

erwise, the writ of prohibition becomes a process by which a party can achieve "an interlocutory appeal of alleged trial error." *State ex rel. Less v. O'Brien,* 814 S.W.2d 2, 4 (Mo.App. E.D.1991). Thus, providing an adequate remedy by appeal exists, prohibition should not "be employed as a device to correct alleged trial errors or rulings." *State ex rel. Hubbell v. Scott,* 654 S.W.2d 294, 296 (Mo.App. S.D.1983).

 Determining whether Missouri is Child's home state and whether Father's conduct allows or compels Respondent to decline jurisdiction pursuant to § 452.475 are all fact-specific findings that Respondent made based on the evidence presented to the court. Whether Respondent erred in those determinations is not for us to decide at this point, even though they may be matters Mother (or Father) might raise on appeal. *See Hubbell,* 654 S.W.2d at 296. Prohibition is intended to limit judicial activities to those within bounds of "authority, preventing actions in want or in excess of the court's jurisdiction." *Tolbert,* 828 S.W.2d at 930. The findings associated with Mother's other points were not outside of Respondent's subject matter jurisdiction, and thus are inappropriate for review under a writ of prohibition. *See id.* at 930; *Hubbell,* 654 S.W.2d at 296. "[P]rohibition will not correct error unmixed with jurisdictional matters in a lower court, for a court may act within its jurisdiction and decide wrongly." *Hubbell,* 654 S.W.2d at 296 (quoting *State ex. rel Bonzon v. Weinstein,* 514 S.W.2d 357, 362 (Mo.App.1974)). Thus, we decline to review Mother's other three points.

The preliminary order is made absolute to the extent that Respondent shall not proceed further in determining the motion to modify to which the preliminary order was directed absent a finding, as heretofore discussed, that the court that entered the decree sought to be modified has lost jurisdiction, or if it has jurisdiction, has declined to exercise that jurisdiction. In all other respects the preliminary order is quashed.

PARRISH, J., and PREWITT, J., concur.