George Henry **TIMMINGS**, Respondent,

v.

Toby Lee **TIMMINGS**, (Van Elsen), Appellant.

No. 43280.

Missouri Court of Appeals, Eastern District, Division One.

Feb. 9, 1982.

Kenneth S. Lay, Clayton, for appellant.

Milton W. Schaeffer, Clayton, for respondent.

CRANDALL, Judge.

This is an appeal from an order modifying a dissolution decree and granting custody of the parties' son to the father.

The son was born on September 26, 1973. The marriage of George and Toby Lee Timmings was dissolved on September 26, 1976. Custody of the minor child was awarded to the mother and the father was granted specific rights of visitation and temporary custody.[1] Another provision of the parties' signed stipulation which was not incorporated in and made part of the decree provided that the mother would not remove the son from Missouri.

On December 23, 1976, the mother moved to Iowa and took the son with her. She concealed the child's whereabouts from his father for a period of approximately three years. On January 21, 1977, the father filed a motion to modify in Missouri seeking primary custody of his son. At the time the father filed his motion to modify he was a resident of the State of Illinois. Service on the motion to modify was withheld until February 29, 1980, the day after the father had located his son in Iowa and clandestinely brought him back to Missouri.

We are called upon to make a threshold determination as to whether the trial court had jurisdiction to modify the dissolution decree. We find that the trial court did not have jurisdiction to enter its order.

Missouri adopted the Uniform Child Custody Jurisdiction Act[2] which became effective on August 13, 1978.[3] Jurisdiction under the Act is governed by § 3 which is § 452.450 in Missouri. This section reads as follows:

"1. A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

(1) This state:

(a) Is the home state of the child at the time of commencement of the proceeding; or

(b) Had been the child's home state within six months before commencement of the proceeding and the child is absent from this state for any reason, and a parent or person acting as parent continues to live in this state; or

(2) It is in the best interest of the child that a court of this state assume jurisdiction because;

(a) The child and his parents, or the child and at least one litigant, have a significant connection with this state; and

(b) There is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or

1. The decree specified that George was to have rights of visitation and temporary custody in accord with the stipulation filed. The relevant part of the stipulation provided that George would have temporary custody in the following manner: "alternate weekends beginning Friday evening continuously Sunday evening until bedtime, eight continuous weeks during summer vacation, and noon Christmas day through overnight Christmas day."

2. Sections 452.440 to 452.550, RSMo 1978. All statutory references are to RSMo 1978.

3. Section 452.450 is a procedural statute and should therefore be applied retrospectively. *Elliott v. Elliott*, 612 S.W.2d 889, 892–893 (Mo. App.1981).

(3) The child is physically present in this state and:

(a) The child has been abandoned; or

(b) It is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse, or is otherwise being neglected; or

(4) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with subdivision (1), (2), or (3), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and it is in the best interest of the child that this court assume jurisdiction.

2. Except as provided in subdivisions (3) and (4) of subsection 1 of this section, physical presence of the child, or of the child and one of the litigants, in this state is not sufficient alone to confer jurisdiction on a court of this state to make a child custody determination.

3. Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody."

Missouri did not have jurisdiction to hear this case as none of the statutory tests necessary to confer jurisdiction was met. Under (1)(a), Missouri was not the child's "home state" at the time of the commencement of the proceeding as that term is defined by § 452.445(4).[4] The proceeding was filed on January 21, 1977, and the child had not lived here for six consecutive months as he was in Iowa from December 23, 1976.[5] Neither is section (1)(b) applicable because although Missouri had been the child's home state within six months prior to commencement[6] of the action, George did not "continue to live" in Missouri.

Neither section (3) nor (4) is applicable to the facts of this case, so if jurisdiction is to be found, it would be under (2). In determining that Missouri does not have jurisdiction under this section, we are guided by the Commissioners' Note found in the Uniform Act. It reads in relevant part as follows:

"Paragraph (2) perhaps more than any other provision of the Act requires that it be interpreted in the spirit of the legislative purposes expressed in section 1. The paragraph was phrased in general terms in order to be flexible enough to cover many fact situations too diverse to lend themselves to exact description. But its purpose is to limit jurisdiction rather than to proliferate it. The first clause of the paragraph is important: jurisdiction exists only if it is in the *child's* interest, not merely the interest or convenience of the feuding parties, to determine custody in a particular state. The interest of the child is served when the forum has optimum access to relevant evidence about the child and family. There must be maximum rather than minimum contact with the state. The submission of the parties to a forum, perhaps for purposes of divorce, is not sufficient without additional factors establishing closer ties with the state. Divorce jurisdiction does not necessarily include custody jurisdiction.

---

4. "(4) '*Home state*' means the state in which, immediately preceding the filing of custody proceeding, the child lived with his parents, a parent, an institution; or a person acting as parent, for at least six consecutive months; or, in the case of a child less than six months old, the state in which the child lived from birth with any of the persons mentioned. Periods of temporary absence of any of the named persons are counted as part of the six-month or other period. . . ."

5. It would strain logic to call the final month a "temporary absence."

6. Appellant argues that the action did not "commence" until service was made on February 29, 1980, citing *Hill-Behan Lumber Co. v. Sellers*, 149 S.W.2d 465, 467 (Mo.App.1941). This decision was based on the mechanic's lien statute which was in effect at the time. Here, where the respondent wife had hidden herself, making service impossible, we see no reason to ignore the plain language of Rule 53.01 which provides that "[a] civil action is commenced by filing a petition with the court." Mo. Rule 53.01. *See also Slack v. Englert*, 617 S.W.2d 483 (Mo.App.1981).

See Clark, Domestic Relations 578 (1968)." [7]

With that directive in mind we proceed to interpret § 452.450.1(2). Under (2)(a), the minimum requirement is that the child and at least one litigant have a *significant* connection with Missouri. The father meets this requirement as he has lived here during the pendency of this proceeding for all but six to eight months. He presently resides here with his new family. This requirement has not been met as to the child, however. He apparently was born here and lived here for only three years. The other six years of his life have been spent in Iowa where he is attending school and has made friendships. As to (2)(b), while there is *some* evidence concerning the child's "present or future care, protection, training, and personal relationships," namely the testimony of George and his new family concerning the home environment they would provide, identical evidence from Toby and her new family is available in Iowa, in addition to evidence from friends, neighbors, teachers and others who have had greater opportunity to observe Michael. Iowa is clearly the forum with "optimum access to relevant evidence about the child and family" and is the state of "maximum rather than minimum contacts." Our holding that Missouri had no jurisdiction to modify the decree is consistent with the aim of the statute: "to limit rather than to proliferate jurisdiction." In holding as we do, we would like to make clear that we do not reach the merits of this case.

We note that one section of the Act provides that the court of a state may decline jurisdiction where a party has engaged in reprehensible conduct.[8] Appellant has engaged in such conduct by denying the father his decretal rights of temporary custody for a period of three years. There is, however, nothing in the Act that confers jurisdiction on a state because of another party's wrongful acts.

Since we find that the trial court acted without jurisdiction, it is unnecessary to consider appellant's other points. The judgment of the trial court is reversed and the cause is remanded with directions to set aside its order dated May 8, 1980, as reinstated on August 1, 1980, which modified the dissolution decree and transferred the custody of Michael Timmings from his mother to his father. The trial court is further ordered to sustain the motion to dismiss the motion to modify for lack of jurisdiction and to dismiss with prejudice the motion to modify.

STEWART, P. J., and STEPHAN, J., concur.

7. Uniform Child Custody Jurisdiction Act, § 3, Commissioners' Note (1968). [Found in Uniform Laws Annotated, Vol. 9, Master Ed., p. 124 (1969)]

8. Section 452.475.