Kellie Ann ADAMS, Petitioner/Appellant,

v.

John Quincy ADAMS, Respondent.

No. 63472.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 22, 1994.

Antonio M. Manansala, Hillsboro, for petitioner, appellant.

Marsha Brady, Hillsboro, for respondent.

CRAHAN, Judge.

Kellie Ann Adams ("Mother") appeals from the dismissal of her petition to modify a foreign decree with respect to child support and visitation. The trial court dismissed the petition for lack of subject matter jurisdiction. We reverse and remand.

On appellate review of a dismissal, we treat all facts alleged in the petition as true. The petition asserts that Mother and John Quincy Adams ("Father") were married on February 17, 1984. Their daughter, Christine Lydia Adams, was born on March 31, 1986 in Noel, Missouri. All three resided in Missouri from the time of the daughter's birth until the time of Mother's and Father's separation in July, 1987. Mother and daughter thereafter remained in Missouri and have resided there ever since. Father moved to Arkansas and continues to reside there.

On April 15, 1991, the Chancery Court of Benton County, Arkansas entered a decree of divorce. The divorce was filed by Father and was entered pursuant to Mother's default. In the divorce decree Mother was awarded custody of the daughter and Father was granted visitation for six consecutive weeks in the summer and for five consecutive days in the winter around the Christmas holiday. Father was also ordered to pay child support in the amount of twenty-five dollars per week once Mother notified the court of her address and produced the daughter for visitation. Mother complied, but Father made no attempt to exercise his visitation rights.

On June 1, 1992, Mother filed a motion to modify the foreign decree in the Circuit Court of Jefferson County, Missouri. Specifically, Mother requested that Father's visitation be limited to supervised visitation and that Father be obligated to pay more for child support, retroactive to the date of filing, and to procure medical insurance for daughter. Mother asserted jurisdiction to modify the decree based on the fact that Missouri is the daughter's home state. The motion to modify contains no challenge to the Arkansas court's jurisdiction to enter the earlier decree. It does, however, allege that modification is proper due to substantial and continuing changed circumstances. The changed circumstances include: (1) an increase in the cost of supporting the daughter; (2) Mother's unemployed status and inability to adequately support the daughter; (3) an increase in medical expenses for daughter due to a speech disorder; and (4) Father's failure to exercise his visitation rights and absence from daughter for more than five years.

On November 25, 1992, Father filed a motion to dismiss for lack of subject matter jurisdiction. Father asserted that Missouri lacks jurisdiction to modify the child support provisions of the Arkansas decree because the state of Arkansas has retained jurisdiction over the decree and is therefore the proper forum to litigate the issue of child support. The trial court sustained Father's motion and dismissed Mother's motion to modify. This appeal followed.

■ A motion to dismiss for lack of subject matter jurisdiction should be granted whenever it appears to the court that it lacks such jurisdiction. Rule 55.27(g)(3). The burden is on the party alleging that jurisdiction is lacking. *Parmer v. Bean*, 636 S.W.2d 691, 694 (Mo.App.1982). Jurisdiction to decide child custody matters is governed by the Uniform Child Custody Jurisdiction Act

("UCCJA"), §§ 452.440–.550 RSMo 1986,[1] which was adopted by Missouri in 1978. The state of Arkansas has also adopted the UCCJA. *See* Ark.Code Ann. §§ 9–13–201 to 9–13–227 (Michie 1987).

■ The UCCJA limits a court's jurisdiction to act in custody proceedings to those defined in § 452.445,[2] under the circumstances described in § 452.450.[3] Mother sets out in her brief the definitions of "custody determination" and "home state" and, based on these provisions, argues that the lower court has jurisdiction under § 452.450.1(1)(a) to modify child custody, specifically with respect to visitation and child support. Father did not file a brief. In his motion to dismiss, however, Father claimed that jurisdiction in Missouri is lacking because Arkansas has retained jurisdiction over this matter. The trial court did not specify its reasons for dismissal, so this court may assume the court acted for the ground asserted in Father's motion to dismiss. *State ex rel. Hwy. Comm'n v. London,* 824 S.W.2d 55, 58 (Mo. App.1991).

■ When a court's jurisdiction to modify a decree entered in another state is called into question, the mere recitation that the other state has retained jurisdiction is not dispositive. *See generally* 9 Uniform Laws Annotated, Master Ed., § 14 commentary at 292–93 (1988). Rather, under § 452.505,[4] whether a Missouri court has jurisdiction to modify a court decree of another state under the UCCJA depends on (1) whether the court entering the decree has lost jurisdiction or, having jurisdiction, has declined to exercise it; and (2) whether Missouri has jurisdiction under the Act. *Matter of T.C.M.,* 651 S.W.2d 525, 528 (Mo.App.1983).

■ As to the first element, the issue of whether Arkansas would decline to exercise jurisdiction to modify the original decree does not come into play absent a determina-

1. All references herein are to RSMo 1986 unless otherwise specified.

2. The relevant statutes provide in pertinent part:

Section 452.445. **Definitions**

As used in sections 452.440 to 452.550:

(1) "Custody determination" means a court decision and court orders and instructions providing for the custody of a child, including visitation rights. This term does not include a decision relating to child support or any other monetary obligation of any person; but the court shall have the right in any custody determination where jurisdiction is had pursuant to section 452.460 and where it is in the best interest of the child to adjudicate the issue of child support;

(2) "Custody proceeding" includes proceedings in which a custody determination is one of several issues

.        .        .        .        .

(3) "Decree" or "custody decree" means a custody determination contained in a judicial decree or order made in a custody proceeding, and includes an initial decree and a modification decree;

3. Section 452.450 provides:

1. A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

(1) This state:

(a) Is the home state of the child at the time of commencement of the proceeding; or

(b) Had been the child's home state within six months before commencement of the proceeding and the child is absent from this state for any reason, and a parent or person acting as parent continues to live in this state; or

(2) It is in the best interest of the child that a court of this state assume jurisdiction because:

(a) The child and his parents, or the child and at least one litigant, have a significant connection with this state; and

(b) There is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or

(3) The child is physically present in this state and:

(a) The child has been abandoned; or

(b) It is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse, or is otherwise being neglected; or

(4) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with subdivision (1), (2), or (3), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and it is in the best interest of the child that this court assume jurisdiction.

4. Section 452.505 states:

If a court of another state has made a custody decree, a court of this state shall not modify that decree unless it appears to the court of this state that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with sections 452.440 to 452.550 or has declined to assume jurisdiction to modify the decree and the court of this state has jurisdiction.

tion that Arkansas currently has jurisdiction to modify the decree under the provisions of the UCCJA. The UCCJA provides four possible bases for jurisdiction within a state, commonly referred to as the (1) home state, (2) significant connection, (3) emergency, and (4) default bases. *See* § 452.450; *see also* Ark.Code Ann. § 9–13–203 (Michie 1987); 9 Uniform Laws Annotated, Master Ed., § 3, p. 143–44 (1988). The state of Arkansas does not have jurisdiction as the home state[5] of the daughter because, as far as the record reflects, the daughter has never lived in Arkansas. § 452.450.1(1). Likewise, we find that it would not be in the child's best interest for the Arkansas court to have jurisdiction because, although father does reside in Arkansas, the child has no significant connection with the state. § 452.450.1(2)(a). Neither does it appear that Arkansas would have available to it evidence concerning the daughter's present or future care, protection, training, or personal relationships. § 452.450.-1(2)(b). The other two bases which would potentially permit Arkansas to exercise jurisdiction are also not applicable here. Section 452.450.1(3) gives a state jurisdiction when the child is present in the state and has been abandoned or is in need of emergency protection, none of which are true here. Lastly, § 452.450.1(4) is inapplicable because, as will be discussed below, there is another state, Missouri, that would have jurisdiction under the provisions of the UCCJA. Thus, the required finding under § 452.505 that the other state, here Arkansas, lacks jurisdiction is satisfied. *See* 9 Uniform Laws Annotated, Master Ed., § 14 commentary at 292 (1988).

■ Based on the same jurisdictional grounds noted above, Missouri clearly does have jurisdiction because Missouri is the home state of the daughter. § 452.450.-1(1)(a). The petition recites that both Mother and daughter have lived continuously in Missouri for all of daughter's life, thus establishing Missouri as the "home state" as defined in § 452.445(4). Further, the relief requested by Mother falls expressly within the definition of a "custody determination." *See* § 452.445(1). One element of the relief sought is a modification of Father's visitation

rights to require that any visitation authorized by the Arkansas decree be supervised. The balance of the relief sought is a modification of child support. In adjudicating a modification of visitation rights, courts are expressly authorized to adjudicate child support where this would be in the best interest of the child. *Id.* Accordingly, we hold that the trial court erred in concluding that it lacked subject matter jurisdiction.

Mother's second point on appeal alternatively challenges the jurisdiction of the Arkansas court to have entered the original decree. This issue was not raised in the motion to modify and, in view of our determination that the trial court has jurisdiction to adjudicate the issues raised in the motion, need not be addressed in this appeal. Should Mother wish to pursue this issue, she should do so by amending her pleadings on remand.

The circuit court's order dismissing Mother's action for want of subject matter jurisdiction is reversed and the cause is remanded with directions to reinstate the motion and for further proceedings consistent with this opinion.

CRANE, P.J., and KAROHL, J., concur.

---

**5.** Section 452.445(4) provides:

(4) "Home state" means the state in which, immediately preceding the filing of custody

proceeding, the child lived with his parents, a parent, an institution; or a person acting as a parent, for a [sic] least six consecutive months;