Mary Katherine STEELE, Respondent,

v.

David Michael STEELE, Appellant.

No. WD 55360.

Missouri Court of Appeals,
Western District.

Submitted Aug. 13, 1998.

Decided Nov. 10, 1998.

Timothy R. Beard, St. Louis, MO, for appellant.

James T. Bellamy, Marshall, MO, for respondent.

Before SMART, P.J., and ELLIS and HOWARD, JJ.

SMART, Judge.

David Michael Steele appeals the dismissal of his motion to modify a dissolution decree on the grounds of lack of jurisdiction and forum non conveniens. Dr. Steele contends that the trial court erred in dismissing his motion to modify because Mrs. Steele did not establish that Missouri lacked jurisdiction. Dr. Steele also contends that the trial court abused its discretion in dismissing his motion to modify based on forum non conveniens.

## Factual Background

Dr. David Michael Steele and Mary K. Steele were married in Madison, Dane County, Wisconsin on November 25, 1988. Their marriage was dissolved by a decree of dissolution entered in the Circuit Court of Dane County on June 7, 1995. Dr. and Mrs. Steele were granted joint legal and physical custody of their four minor children: Michaela Maria, born June 24, 1989; Anne Elizabeth, born November 9, 1990; James Taylor, born March 8, 1992; and Laura Morgan, born August 25, 1994.

At the time of the dissolution, both Dr. and Mrs. Steele knew that they, along with their children, would be moving to Missouri. Dr. Steele commenced employment at a hospital in Marshall, Missouri on June 12, 1995, five days after the date of the dissolution decree. All four children moved to Marshall, Missouri on July 15, 1998, and Mrs. Steele moved her permanent residence to Missouri on August 11, 1995.

As part of their dissolution, the parties were ordered to comply with a Partial Marital Settlement Agreement As to Children ["Partial Agreement"]. The Partial Agreement was attached to the divorce decree and thereby became a part of the Wisconsin court's judgment. Section three of the Partial Agreement provided that the exclusive forum for all disputes would be the Dane County Circuit Court, State of Wisconsin, until July 1, 2000, unless the parties otherwise agreed in writing.

The agreement also recited:

F. *Independent Legal Advice and Construction of Agreement* Katherine acknowledges and represents that she has been informed by her independent counsel . . . as to the legal rights and claims that she would have in the absence of this Agreement. Michael acknowledges and represents that he has been informed by his independent counsel . . . as to the legal rights and claims that he would have in the absence of this Agreement. The parties have been advised, by their respective counsel, of the holding of *Rintelman v. Rintelman* (citations omitted) and understand that they may contract to waive certain statutory rights. Specifically, the parties have contracted to the exclusive jurisdiction of the State of Wisconsin, Dane County Circuit Court, for a period of time, and to the application of the laws of the State of Wisconsin to their situation in the State of Missouri, or elsewhere for the prescribed period of time. (Emphasis added).

Both Dr. and Mrs. Steele stipulated that the guardian ad litem and family court counselor used in the dissolution proceedings would be re-appointed for future disputes concerning the children arising prior to July 1, 2000.

Approximately twenty months after the dissolution, on February 11, 1997, Dr. Steele filed a motion to modify the decree of dissolution [hereinafter "motion to modify"] in the Saline County Circuit Court seeking to have exclusive physical custody of the children transferred to him. Included in his motion to modify were allegations of abuse, neglect and criminal activity on the part of Mrs. Steele. On June 19, 1997, the Saline County Circuit Court took up the matter. On December 4, 1997, the Saline County Circuit Court dismissed the motion to modify on the grounds that the Circuit Court of Dane County, Wisconsin retained exclusive jurisdiction until July 1, 2000. Additionally, the Saline County Circuit Court stated:

4. That even if said Wisconsin Court did not retain jurisdiction of the parties as agreed upon by the parties, this Court is an inconvenient forum to make a custody determination under the circumstances of this case and Dane County, Wisconsin, is a more appropriate forum to determine the issues ...

5 ....this Court further finds it is in the best interests of the children that the Circuit Court of Dane County, Wisconsin, maintain jurisdiction as agreed by the parties and decreed by said Court.

6. That this Court is clearly an inappropriate forum based upon the parties' agreement to "waive certain statutory rights. Specifically, the parties have contracted to the exclusive jurisdiction of the State of Wisconsin, Dane County Circuit Court, for a period of time ...

We reverse the trial court's decision and remand the case for further proceedings in accordance with this opinion.

## Jurisdiction

■ Dr. Steele contends that the trial court erred in dismissing his motion to modi-

fy in finding Saline County, Missouri, lacked jurisdiction. Jurisdiction is "the right to adjudicate concerning the subject-matter in the given case." *Charles v. White*, 214 Mo. 187, 112 S.W. 545, 549 (Mo.1908). A court's authority to adjudicate a controversy is based upon three elements: 1) personal jurisdiction; 2) subject matter jurisdiction; and 3) jurisdiction to render the particular judgment in the particular case. *Id.* Personal jurisdiction is a personal privilege and can be waived by the parties. *State ex rel. Lambert v. Flynn*, 348 Mo. 525, 154 S.W.2d 52, 57 (Mo. banc 1941). However, subject matter jurisdiction "is not a personal privilege and cannot be waived." *Rumbolo v. Phelps*, 759 S.W.2d 894, 896 (Mo.App.1988) (citing *State ex rel. Laws v. Higgins*, 734 S.W.2d 274, 279 (Mo.App.1987)). It is derived from law and cannot be conferred by consent, *Lambert*, 154 S.W.2d at 57, agreement or by estopping a party from denying it exists. *Simmons v. Friday*, 359 Mo. 812, 224 S.W.2d 90, 98 (Mo. 1949).[1]

■ Subject matter jurisdiction over child custody disputes is determined by the Uniform Child Custody Jurisdiction Act ["UCCJA"]. § 452.440 et seq., RSMo 1994.[2] Under the UCCJA, "jurisdiction exists only if it is in the child's interest, not merely the interest or convenience of the feuding parties ... [t]he submission of the parties to a forum, perhaps for purposes of divorce, is not sufficient without additional factors establishing closer ties with the state." *Timmings v. Timmings*, 628 S.W.2d 724, 726–27 (Mo.App. 1982). The UCCJA establishes four distinct bases for subject matter jurisdiction over child custody disputes.

■ The first basis for subject matter jurisdiction under the UCCJA is "home state" jurisdiction. Section 452.450.1(1)(a) grants a Missouri court jurisdiction over child custody

---

1. Similarly, the Wisconsin Supreme Court has held that subject matter jurisdiction cannot be waived by the parties. *See, e.g., Wisconsin's Envtl. Decade v. P.S.C.*, 84 Wis.2d 504, 267 N.W.2d 609, 616 (Wis.1978). *See also In Re Mader's Store for Men, Inc.*, 77 Wis.2d 578, 254 N.W.2d 171, 176 (Wis.1977); *Joint Sch. Dist. No. 1 v. Wisconsin Rapids Educ. Assoc.*, 70 Wis.2d 292, 234 N.W.2d 289, 296 (Wis.1975). Additionally, like Missouri, Wisconsin has held that sub-

ject matter jurisdiction may not be conferred by estoppel. *See, e.g., Wisconsin Employment Relations Bd. v. Lucas*, 3 Wis.2d 464, 89 N.W.2d 300, 305 (Wis.1958).

2. Wisconsin's version of the UCCJA is substantially similar to Missouri's version and can be found at Wis. Stat. Ann. § 822.01 et seq.

modifications if Missouri is "the home state of the child at the time of commencement of the proceeding[ ]." All four of the Steele children resided in Missouri at the time Dr. Steele filed his motion to modify.

The second basis for UCCJA subject matter jurisdiction is "best interest of the child" jurisdiction. Section 452.450.1(2) bestows jurisdiction for custody modifications on Missouri where:

It is in the best interest of the child that a court of this state assume jurisdiction because:

(a) The child and his parents ... have a significant connection with [Missouri]; and

(b) There is available in [Missouri] substantial evidence concerning the child's present or future care, protection, training, and personal relationships

Dr. Steele, Mrs. Steele and all four children have significant connections with Missouri. They live in Missouri and none of them has returned to Wisconsin since the decree of dissolution was entered. Dr. and Mrs. Steele work in Missouri. Additionally, there is substantial evidence concerning the children in Missouri. They attend school and church in Missouri. Their daycare provider, physician and counselors are located in Missouri. Many of their extended family relatives live in Missouri.

The only evidence resources in Wisconsin are the guardian ad litem and the court counselor whose services were employed in the original proceeding. Any information and evidence these individuals possess regarding the Steele children pertain to the original dissolution proceeding. Neither the children nor their parents have had contact with either of these individuals since leaving Wisconsin.

The third basis for subject matter jurisdiction under the UCCJA is "emergency jurisdiction." Section 452.450.1(3) awards subject matter jurisdiction over custody disputes to Missouri when:

The child is physically present in [Missouri] and:

...

(b) It is necessary in an emergency to protect the child because he has been sub-

jected to or threatened with mistreatment or abuse, or is otherwise being neglected....

In his motion to modify, Dr. Steele alleges, among other things, that Mrs. Steele leaves the children in the custody of unqualified caregivers, locks the children out of her home, is cohabiting with a known drug dealer, and is mentally unsound, unable to properly care for the children. Because the trial court did not hear any testimony regarding these allegations, there is no record for this court to consult in determining the actual presence of an emergency giving rise to "emergency" jurisdiction. While it is arguable that Missouri has "emergency" jurisdiction over the Steele children in addition to "home state" jurisdiction, it is manifest that Wisconsin does not have emergency jurisdiction because the children do not reside in Wisconsin and have not been to Wisconsin for three years.

Mrs. Steele argues that the parties, in their decree of dissolution, agreed that the Dane County Circuit Court would determine any and all disputes arising from the dissolution until July 1, 2000. In support of her argument, Mrs. Steele presents a transcript from the dissolution proceedings wherein each party acknowledges the holding in *Rintelman v. Rintelman,* 118 Wis.2d 587, 348 N.W.2d 498 (Wis.1984) which allows parties to waive certain statutory rights.

In *Rintelman,* the parties executed a stipulation that Husband would continue to pay Wife maintenance for her lifetime, and the stipulation was incorporated as part of the divorce judgment. *Id.* at 499–500. During the dissolution proceedings, both parties were questioned regarding their understanding of the stipulation. After the divorce was finalized, Wife remarried and Husband filed for termination of support under Wis. Stat. Ann. § 767.32(3) authorizing the court to vacate support payments upon the remarriage of the payee-spouse. *Id.* at 500. The Wisconsin Supreme Court held that Husband was estopped from challenging the trial court's order denying the termination of support payments. *Id.* at 502. The court reasoned that parties could agree to provisions

in a divorce decree that exceed those authorized by statute if there was no absolute public policy against such provisions and both parties entered into the agreement willingly and knowingly. *Id.* at 502–03.

*Rintelman*, it will be readily noticed, did not involve a custody dispute. *Rintelman* involved an agreement regarding financial obligations which were to exceed the time period prescribed by Wisconsin statute. Additionally, in the case at hand, the Steeles were agreeing to give Wisconsin exclusive jurisdiction over any subsequent disputes arising from the dissolution. This agreement may control disputes over certain matters, but it does not govern jurisdiction as to issues related to child custody. Subject matter jurisdiction is not a personal privilege that the parties can agree to or waive. *Simmons*, 224 S.W.2d at 98. Here, subject matter jurisdiction of custody issues is controlled by the UCCJA.

Mrs. Steele next argues that Missouri should decline jurisdiction because the UCCJA dictates that Missouri withhold the exercise of jurisdiction as long as Wisconsin's jurisdiction continues. She points out that § 452.505 states as follows:

> If a court of another state has made a custody decree, a court of this state shall not modify that decree unless it appears to the court of this state that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with §§ 452.440 to 452.550 or has declined to assume jurisdiction to modify the decree and the court of this state has jurisdiction.

Mrs. Steele argues that under this statute Missouri must decline jurisdiction because there has been no showing that Wisconsin has lost jurisdiction or has declined to exercise it. She overlooks the fact that, as already demonstrated above, Wisconsin does not now have jurisdiction under the jurisdictional prerequisites set out in §§ 452.440 to 452.550 (*i.e.,* "home state" jurisdiction, "best interest of the child" jurisdiction, and "emergency" jurisdiction). Thus, this section of the UCCJA has no application here. All that Mrs. Steele has left is her argument that jurisdiction is governed by the agreement

between the parties. As we have noted, the UCCJA trumps the agreement to the extent that the issue is related to child custody.

The Steeles' contractual provision purporting to allow Wisconsin exclusive subject-matter jurisdiction over any future disputes regarding the children is void. Under § 452.450 Missouri has subject matter jurisdiction over Dr. Steele's motion to modify. Moreover, because Wisconsin does not meet any of the requisite jurisdictional tests set forth in the UCCJA, Missouri is the only state with jurisdiction over Dr. Steele's motion to modify.

### Forum Non Conveniens

■ The doctrine of forum non conveniens should be applied cautiously and only upon a clear showing of inconvenience when the ends of justice so require. *Loftus v. Lee,* 308 S.W.2d 654, 661 (Mo.1958). A dismissal based on forum non conveniens is left to the sound discretion of the trial judge. *Euton v. Norfolk & Western Ry. Co.,* 936 S.W.2d 146, 154 (Mo.App.1996). This Court will not reverse such a decision absent an abuse of the trial court's discretion. *Id.* An abuse of discretion occurs when the ruling of the trial court is "clearly against the logic of the circumstances then before the court" and is so unreasonable that it shocks our sense of justice and indicates a lack of careful consideration. *Richardson v. State Hwy. & Transp. Comm'n,* 863 S.W.2d 876, 881 (Mo. banc 1993).

■ The doctrine of forum non conveniens is fact specific. *Anglim v. Missouri Pac. R.R. Co.,* 832 S.W.2d 298, 303 (Mo. banc 1992). In this case, however, we need not engage in an analysis of the factors to be considered in forum non conveniens issues because Missouri is the only state with subject matter jurisdiction over the custody dispute under the UCCJA. Every one of the parties resides in Saline County, Missouri. There is no other appropriate forum in which Dr. Steele may bring his motion to modify. Saline County, Missouri is the exclusive forum in which Dr. Steele may bring his motion to modify. Therefore, the trial court erred in engaging in a forum non conveniens

analysis when, as a matter of law, subject matter jurisdiction rested only with Missouri.

## Conclusion

The judgment of the trial court is vacated and the case is remanded to the Circuit Court of Saline County. The court will exercise jurisdiction over Dr. Steele's motion to modify on its merits.

ELLIS and HOWARD, JJ., concur.