**In Re the Marriage of Denise K. RUSSELL, Petitioner–Appellant,**

**v.**

**John F. RUTH, Respondent–Respondent.**

**No. 25457.**

Missouri Court of Appeals, Southern District, Division Two.

Sept. 29, 2003.

Roger M. Gibbons, Osage Beach, for appellant.

No Brief Filed for Respondent.

KENNETH W. SHRUM, Judge.

Denise K. Russell ("Mother") appeals from the trial court's *sua sponte* dismissal of her motion to modify a dissolution of marriage decree. The decree was entered by a Kansas court, and Mother attempted to modify the child custody, visitation, and child support provisions of the decree in Missouri. The trial court held it did not have jurisdiction. The issue on appeal is whether the trial court erred in this ruling. We answer, "yes." We reverse and remand for further proceedings.

In Missouri, subject matter jurisdiction over child custody disputes, including modification motions, is governed by the Uniform Child Custody Jurisdiction Act ("UCCJA"), §§ 452.440–550.[1] *Steele v. Steele*, 978 S.W.2d 835, 837[6] (Mo.App. 1998). A trial court's decision to dismiss for lack of subject matter jurisdiction is reviewed under an abuse of discretion standard. *Jenkins v. Croft*, 63 S.W.3d 710, 713[9] (Mo.App.2002). To invoke the jurisdiction of a court to grant relief, the claimant's petition must contain facts showing he or she is entitled to relief. Rule 55.05;[2] *Commercial Bank of St. Louis County v. James*, 658 S.W.2d 17, 21 (Mo. banc 1983).

Mother's "Motion to Modify Decree of Divorce" alleged, in part, the following jurisdictional facts. The marriage of Mother and John F. Ruth ("Father") was dissolved by a decree entered by the District Court of Johnson County, Kansas, on January 3, 1994. The original Kansas decree was attached to and incorporated as part of Mother's modification motion. It recited that the parties were living together as husband and wife in Johnson County, Kansas, at the time of their divorce, "thus giving the Court jurisdiction in this matter." The Kansas decree addressed child custody; specifically, Mother and Father were granted joint legal custody of two daughters born of the marriage with Mother having primary physical custody. In her Missouri motion to modify, Mother alleged Father was still a resident of John-

---

1. All statutory references are to RSMo (2000), unless stated differently.

2. All rule references are to Supreme Court Rules (2002), unless otherwise indicated.

son County, Kansas, and Mother was now a resident of Camden County, Missouri. It also recited that "[f]or at least six consecutive months immediately preceding the filing of the petition herein, the children have resided in the State of Missouri; therefore, Missouri is the home state of the children and jurisdiction is proper herein pursuant to the provisions of §§ 452.440 to 452.550." Further, Mother alleged that she had no information of any custody proceedings concerning the children pending in a court of this or any other state.

 Mother's single point on appeal maintains that the trial court erred in dismissing, *sua sponte*, her motion to modify the child custody and support provisions of the parties' Kansas divorce decree because she alleged Missouri was the children's "home state."[3]

"The UCCJA, as adopted in Missouri, establishes four distinct bases for subject matter jurisdiction over child custody disputes." *Steele*, 978 S.W.2d at 837. The first such basis is "home state" jurisdiction. *Id.* Section 452.450.1(1) grants a Missouri court jurisdiction over a child custody modification if Missouri is "(a) . . . the home state at the time of commencement of the proceeding; or (b) [h]ad been the child's home state within six months before commencement of the proceeding and the child is absent from this state for any reason, and a parent . . . continues to live in this state." Missouri defines "home state" as "the state in which, immediately preceding the filing of custody proceeding, the child lived with his parent . . . for at least six consecutive months." § 452.445(4). Kansas has a similar "home state" definition. *See* K.S.A. 38–1337(8)(2000).

Here, Mother pled that the parties' children had resided in the State of Missouri with her for at least six consecutive months before Mother filed her motion in Missouri seeking modification of the Kansas decree. Taking that allegation as true, as we must, Mother's petition alleged a jurisdictional basis for the exercise of the trial court's authority. § 452.450.1(1)(a). *See Steele*, 978 S.W.2d at 838; *Adams v. Adams*, 871 S.W.2d 105, 108 (Mo.App. 1994); *Glanzner v. State, DSS*, 835 S.W.2d 386, 390[4] (Mo.App.1992). The trial court abused its discretion and committed reversible error when it ruled otherwise. *See Steele*, 978 S.W.2d at 838; *Adams*, 871 S.W.2d at 108.

 In so holding, we do not ignore the Parental Kidnapping Prevention Act ("PKPA") (28 U.S.C.A. § 1738A)(2000).[4]

---

**3.** Father has failed to file a brief with this court. Although Father is not required to file a respondent's brief, it is the policy of the courts of this state to encourage both parties to file briefs. *Miller v. Enyeart*, 893 S.W.2d 901, 904 (Mo.App.1995). This aids an appellate court in arriving at a proper decision. *Id.* No penalty for such a failure will be imposed, but the court is required to decide the case without the benefit of that party's authorities and points of view. *Barr v. Barr*, 987 S.W.2d 471, 475 n. 1 (Mo.App.1999).

**4.** In part, 28 U.S.C.A. 1738A provides:
"(a) The appropriate authorities of every State shall enforce according to its terms, and shall not modify except as provided in subsections (f), (g), and (h) of this section,

any custody determination or visitation determination *made consistently* with the provisions of this section by a court of another State."
. . . .
"(c) A child custody or visitation determination made by a court of a State *is consistent with the provisions of this section* only if—
(1) such court has jurisdiction under the law of such State, and
(2) one of the following conditions is met:
(A) such State (i) is the home State of the child on the date of the commencement of the proceeding . . .;
. . . .

The PKPA governs the enforcement and modification of foreign decrees and the treatment of concurrent proceedings. *Glanzner*, 835 S.W.2d at 389[1]. Since this is a modification case, the PKPA clearly is implicated.

 Missouri courts recognize that the PKPA preempts Missouri state law where the two conflict. *Glanzner*, 835 S.W.2d at 392[8]. "To do otherwise would frustrate the sound purposes of the PKPA." *Id.* at 392. The PKPA, however, does not confer jurisdiction to modify a custody decree. It coerces conformity with jurisdictional standards created by the PKPA by depriving a decree the right to be accorded full faith and credit by another state if the statutorily created jurisdictional standards are violated. *Id.* at 392–93; David Carl Minneman, Annotation, *Significant Connection Jurisdiction of Court Under § 3(a)(2) of the Uniform Child Custody Jurisdiction Act (UCCJA) and the Parental Kidnapping Prevention Act (PKPA), 28 USCS § 1738A(c)(2)(B)*, 5 ALR 5th 550, 580–81 (1992). In sum, the ultimate issue under a PKPA preemption analysis is whether the trial court's custody modification decree is entitled to interstate enforcement. *Glanzner*, 835 S.W.2d at 393.

It has been said that, with one exception, the PKPA gives a "distinct priority to the 'home state' by encouraging another state with other grounds for jurisdiction to defer to the home state of the child." 5 A.L.R.5th at 581. The exception is found in 28 USCA 1738A(d). *See* n. 4. That subsection appears to "anchor exclusive modification jurisdiction in the original home state as long as the child or one of the contestants remain in that state." 5 A.L.R.5th at 581.

Here, Mother alleged in her motion that the District Court of Johnson County, Kansas, entered the initial child custody decree and that Father presently resides in Johnson County, Kansas.[5] Accordingly, the "continuing jurisdiction" provision of the PKPA must be considered in this case. It follows, therefore, that relevant facts should be presented to or gathered by the trial court on remand concerning any possible continuing jurisdiction in the District Court of Johnson County, Kansas.[6] After having those facts, the trial court may do a preemption analysis and decide if any modification it makes to the Kansas decree will be entitled to interstate enforcement.

The judgment of the trial court dismissing Mother's motion is reversed and the cause is remanded for further proceedings.

(E) the court has continuing jurisdiction pursuant to subsection (d) of this section. "(d) The jurisdiction of a court of a State which has made a child custody ... determination *consistently with the provisions of this section* continues as long as the requirement of subsection (c)(1) of this section continues to be met and such State remains the residence of the child or of *any contestant*." (Emphasis supplied.)

5. In this case, the original home state (Kansas) repealed its version of the UCCJA and replaced it with the UCCJEA in July of 2000. *Ward v. Ward*, 272 Kan. 12, 30 P.3d 1001, 1008 (2001). The Kansas version of the UCCJEA, K.S.A. 38–1349, provides, in part:

"[A] court of this state which has made a child-custody determination consistent with K.S.A. 38–1348 or 38–1350 and amendments thereto, has exclusive, continuing jurisdiction over the determination until:
"(2) a court of this state or a court of another state determines that the child [or] the child's parents ... do not presently reside in this state."

6. Pursuant to section 452.470.3, the trial court is authorized "to communicate with a court of another state and exchange information pertinent to the assumption of jurisdiction by either court."

PARRISH, J., Concurs.

RAHMEYER, C.J.,-P.J., Concurs.