STATE of Missouri ex rel. Victoria
FERRARA, Relator,

v.

The Honorable Mark NEILL, Circuit
Court of the City of St. Louis,
Respondent.

No. ED 85845.

Missouri Court of Appeals,
Eastern District,
Writ Division I.

June 28, 2005.

Victoria Ferrara, Santa Fe, NM, for Relator.

Thomas A. Spoon, Crestwood, MO, for Respondent.

GEORGE W. DRAPER III, C.J.

Relator, Victoria Ferrara (Mother), contends that Respondent should be ordered to dismiss a motion to modify a New Mexico child custody decree filed by her former husband William E. Taylor (Father). We issued a preliminary order in prohibition. Father has filed an answer to Mother's petition, along with suggestions in opposition. We dispense with further briefing as permitted by Rule 84.24(e). The preliminary order is made absolute.

Mother and Father were married on August 10, 1985 in St. Louis, Missouri. Their only child, Jordan (Child), was born on August 2, 1988. Sometime in August of 1994, Mother, Father, and Child moved from St. Louis to Santa Fe, New Mexico. On September 2, 1999, a New Mexico district court entered a final decree of dissolution of marriage in accordance with Mother and Father's marital settlement agreement. Under the agreement, Mother and Father shared joint legal custody of Child. Father had primary physical custody of Child, but the parties agreed to "pursue the goal of normalization of a joint legal and physical custody arrangement." In August 2002, Father took Child and moved to St. Louis. Father and Child have continued to reside in St. Louis since that time, but Mother has continued to live in Santa Fe, New Mexico.

In February 2003, Father registered the New Mexico decree as a foreign judgment in the City of St. Louis. On September 9, 2004, Father filed in the City of St. Louis a motion to modify the child custody and support provisions of the New Mexico decree.[1] Mother entered a special appearance and filed a motion to dismiss, asserting that the Missouri court lacked subject matter jurisdiction to amend the New Mexico decree. The circuit court summarily denied Mother's motion, and granted her 45 days to file responsive pleadings. Mother filed a petition for a writ of prohibition in this Court, alleging that Respondent lacks subject matter jurisdiction to modify the New Mexico decree. On March 16, 2005, we issued a preliminary order in prohibition.

A writ of prohibition is an extraordinary remedy that should lie "only in cases of extreme necessity." *State ex rel. Lester E. Cox Med. Ctr. v. Wieland*, 985 S.W.2d 924, 926 (Mo.App. S.D.1999). The primary function of prohibition is to limit judicial activities to those within the bounds of authority, "preventing actions in want or in excess of the court's jurisdiction." *State ex rel. Tolbert v. Sweeney*, 828 S.W.2d 929, 930 (Mo.App. S.D.1992). Prohibition will lie where there is a usurpation of judicial power because the trial court lacks either personal or subject matter jurisdiction. *State ex rel. S.M.H. v. Goldman*, 140 S.W.3d 280, 283 (Mo.App. E.D.2004).

---

1. Father had previously sought to modify the child support order, but the trial court dismissed Father's petition after concluding it had no jurisdiction under section 454.973, RSMo 2000. Father also included a request to modify child support in this petition, but later dismissed this request.

■ The issue before us is in this interstate child custody dispute is whether the Uniform Child Custody Jurisdiction Act (UCCJA), sections 452.440 to 452.550, RSMo 2000, as well as the Parental Kidnapping Prevention Act (PKPA), 28 U.S.C. sec. 1738A (1994 & Supp.2000), allow Missouri to modify a New Mexico child custody decree. In resolving this issue, this Court must examine the interplay between the UCCJA and the PKPA, as well as Missouri law and New Mexico law interpreting these statutory provisions.

Under the UCCJA, Missouri may modify another state's custody decree only if it has jurisdiction and the original decree state no longer has jurisdiction "under jurisdictional prerequisites substantially in accordance with sections 452.440 to 452.550" or has declined jurisdiction. Section 452.505, RSMo 2000; *Adams v. Adams,* 871 S.W.2d 105, 107 (Mo.App. E.D.1994). However, the PKPA provides that once a state exercises child custody jurisdiction consistently with its provisions, that state retains jurisdiction to modify child custody so long as one parent or the child continues to reside in that state and such state continues to have "jurisdiction under the law of such State." 28 U.S.C. sec. 1738A(d) & (c)(1). It further provides that a court may modify a determination of child custody made by another State only if: "(1) it has jurisdiction to make such a child custody determination; and (2) the court of the other State no longer has jurisdiction, or it has declined to exercise such jurisdiction to modify such determination." 28 U.S.C. sec. 1738A(f).

In her suggestions in support, Mother argues that a Missouri court does not have jurisdiction to modify the New Mexico decree. She asserts that the PKPA provides continuing jurisdiction to the New Mexico court, so long as one of the parents remains in New Mexico. In his suggestions in opposition, Father relies primarily upon the UCCJA to support his argument that Missouri has "concurrent" jurisdiction with New Mexico, and that as Child's home state, Missouri can modify the New Mexico decree. He contends the UCCJA is not in conflict with the PKPA in this regard. He also argues that the PKPA does not apply because there are no simultaneous proceedings pending in New Mexico.

It is undisputed that Mother resides in New Mexico and that New Mexico has not been asked to decline jurisdiction or to assess whether it has continuing jurisdiction under its law. Mother does not dispute the assumption that Missouri has jurisdiction under the UCCJA to modify the New Mexico decree. However, she asserts even if Missouri has jurisdiction under the UCCJA, the PKPA preempts the UCCJA and requires the Missouri court to defer to the jurisdiction of New Mexico.

■ We agree with Mother's analysis. Arguably, the UCCJA would provide Missouri with jurisdiction to modify the New Mexico custody decree as Child's home state. However, as explained in more detail below, Missouri would not have jurisdiction under the PKPA, because Missouri is required to examine New Mexico's law, which provides New Mexico with exclusive, continuing jurisdiction. To the extent the PKPA and the UCCJA conflict, the Supremacy Clause of the United States Constitution mandates that the PKPA preempts the UCCJA. *Glanzner v. State, Dept. of Social Services,* 835 S.W.2d 386, 392 (Mo.App. E.D.1992). Therefore, in this instance, the PKPA preempts the UCCJA and the UCCJA provisions of the Missouri law governing modification are not applicable.

■ The PKPA provides that once a state exercises jurisdiction consistently with its provisions, no other state may exercise concurrent jurisdiction over the custody dispute. 28 U.S.C. sec. 1738A(g).

The authorities of every state shall enforce the custody decree and shall not modify it except as provided in subsection (f) of the PKPA. 28 U.S.C. sec. 1738A(a). Accordingly, the PKPA " 'anchor[s] exclusive modification jurisdiction in the original home state as long as the child or *one of the contestants* remain in that state.' " *Russell v. Ruth,* 115 S.W.3d 404, 407 (Mo. App. S.D.2003) (emphasis added), *quoting* David Carl Minneman, Annotation, *Significant Connection Jurisdiction of Court under § 3(a)(2) of the Uniform Child Custody Jurisdiction Act (UCCJA) and the Parental Kidnapping Prevention Act (PKPA), 28 USCS § 1738A(c)(2)(B),* 5 A.L.R. 5th 550, 580–81 (1992). The PKPA thus preserves to the original decree state the sole prerogative to modify that determination, as long as any modification would also be valid under its own law and either the child or a contestant continues to live there. Accordingly, it explicitly limits when a state, which would otherwise have jurisdiction over a child custody dispute, must defer to the state that originally issued the custody order.[2]

■ In *Meade v. Meade,* the Fourth Circuit Court of Appeals summarized the PKPA's terms regarding modification of foreign custody decrees as follows:

> The effect of §§ 1738A(d) and 1738A(f) is to limit custody jurisdiction to the first state to properly enter a custody order, so long as two sets of requirements are met. First, the PKPA defines a *federal* standard for continuing exclusive custody jurisdiction: the first state must have had proper initial custody jurisdiction when it entered its first order (according to the criteria in the Act) and it must remain 'the residence of the child or any contestant' when it later modifies the order. Second, the Act incorporates a *state law* inquiry: in order to retain exclusive responsibility for modifying its prior order the first state must still have custody jurisdiction as a matter of its own custody law.

*Meade v. Meade,* 812 F.2d 1473, 1477 (4th Cir.1987). It is undisputed that New Mexico initially exercised jurisdiction in this case in conformity with the PKPA. Therefore, the first requirement of the PKPA is satisfied in this case. Furthermore, it is undisputed that Mother is a "contestant" and that she continues to reside in New Mexico. Thus, the only remaining question is whether New Mexico continues to have custody jurisdiction as a matter of its own law.

New Mexico has enacted the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), which has different jurisdictional provisions than Missouri's UCCJA.[3] New Mexico's law provides that it has exclusive, continuing jurisdiction over its child custody determinations until:

(1) a court of this state determines that the child, or the child and one parent, or the child and a person acting as a parent do not have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training and personal relationships; or

(2) a court of this state or a court of another state determines that the

---

2. Father relies upon *Glanzner,* 835 S.W.2d at 389, to support his contention that the PKPA applies only to simultaneous proceedings. In that case, this Court did apply the PKPA where Missouri and California had each determined it had jurisdiction in simultaneous proceedings. However, the Court noted that the PKPA also applies in "enforcement and modification of foreign decrees." *Id.*

3. Father erroneously asserts that New Mexico has enacted the UCCJA. New Mexico repealed the UCCJA and enacted the UCCJEA in 2001.

child, the child's parents and any person acting as a parent do not presently reside in this state.

N.M.S.A.1978, Section 40–10A–202. The comment to the UCCJEA indicates that continuing jurisdiction of the original decree state is exclusive and continues until one of the two events occurs. Under subsection (1), the original decree state's jurisdiction continues so long as the significant connections jurisdiction provision is met. However, this determination must be made by the original decree state. The use of the phrase " 'a court of this State' ... makes it clear that the original decree State is the sole determinant of whether jurisdiction continues. A party seeking to modify a custody determination must obtain an order from the original decree State stating that it no longer has jurisdiction." UCCJEA Sec. 202, 9A U.L.A. 674 (1999).

Mother continues to reside in New Mexico. Therefore, under New Mexico law, the New Mexico court has continuing jurisdiction over its child custody determinations until *a New Mexico court* determines "significant connections" do not exist. A New Mexico court has not been asked to make a determination under section 40–10A–202 or to decline jurisdiction. Therefore, under its law, it still has exclusive, continuing jurisdiction. Because New Mexico has exclusive, continuing jurisdiction over its original custody decree, a Missouri court lacks authority to modify the New Mexico custody decree and must

defer jurisdiction to the New Mexico court under the PKPA.[4]

The preliminary order is made absolute and Respondent is directed to take no further action except to dismiss the motion to modify the New Mexico child custody decree.

ROBERT G. DOWD, JR. and PATRICIA COHEN, JJ., concur.

---

**4.** We are mindful of the Southern District's decisions in *Russell*, 115 S.W.3d at 404, and *State ex rel. Lopp v. Munton*, 67 S.W.3d 666 (Mo.App. S.D.2002). In *Lopp*, the Southern District held that the trial court could not exercise jurisdiction over modification of a Kansas child custody decree without making specific findings about the status of the Kansas court's continuing jurisdiction under the UCCJA, particularly section 452.450, RSMo. *Id.* at 671–72. However, the Southern District did not address whether the UCCJA

would be in conflict with the PKPA and whether the PKPA would even be applicable. In addition, the court had insufficient information to determine whether any proceedings were pending in Kansas or if Kansas had declined jurisdiction. *Id.* In *Russell*, the Southern District, in addressing another Kansas decree, did note that the PKPA governed the modification of foreign decrees, but that the relevant facts had not been presented to determine if the PKPA preempted Missouri state law. *Id.* at 407.